[Crim. No. 529.   Department Two.—September 18, 1899.]

## THE PEOPLE, Respondent, v. CHARLES L. WESTLAKE, Appellant.

CRIMINAL LAW—EMBEZZLEMENT—INSUFFICIENCY OF EVIDENCE.—Where the record upon appeal from a conviction of a tax collector for embezzlement shows that the tax collector paid into the public treasury more money than he is alleged and proved to have received between the dates mentioned in the indictment, the judgment must be reversed for insufficiency of the evidence to sustain the verdict.

APPEAL from a judgment of the Superior Court of Monterey County and from an order denying a new trial. M. T. Dooling, Acting Judge.

The facts are stated in the opinion.

C. F. Lacey, and G. A. Daugherty, for Appellant.

Tirey L. Ford, Attorney General, and A. A. Moore, Jr., Deputy Attorney General, for Respondent.

COOPER, C.—The defendant was indicted by the grand jury of Monterey county on the sixteenth day of October, 1897, for the crime of embezzlement, charged to have been committed by him as tax collector of said county, by unlawfully and feloniously appropriating to his own use on the first day of July, 1897, the sum of two hundred and one dollars, which said sum is alleged to have been paid over to defendant as tax collector, between the first day of July and the first day of August, 1897. He was found guilty and sentenced to a term of five years in the state prison.

This appeal is from the judgment and order denying defendant's motion for a new trial. It is claimed that the verdict is not sustained by the evidence. The appellant in his brief has pointed out in detail the evidence of some thirteen witnesses, showing the amounts paid by each to the tax collector between the dates mentioned in the indictment, and that no other moneys were paid in during said time. The amount so paid in was two hundred and seventy-two dollars. The prosecution proved that on August 2, 1897, the defendant paid to the county, at his settlement for licenses, the sum of two hundred and ninety-seven dollars, which was twenty-five dollars more than it had been proven came into his hands. The attorney general in his reply brief admits these figures to be correct, and says: "The case must have been very peculiarly tried, or there must have been some very important testimony omitted from the transcript. . . . . We are satisfied that as a matter of fact the defendant embezzled money from the county, but, figure as we will, we cannot find evidence which will belie or refute the statement in appellant's brief that defendant turned over to the county of Monterey on August 2d more money than it is alleged he received during the time charged in the indictment."

If the learned attorney general cannot "figure" out sufficient evidence to support the verdict it cannot be expected that this court will do so. As the evidence is not sufficient to sustain the verdict it is not necessary to discuss the many other points raised by appellant.

We advise that the judgment and order be reversed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed.

McFarland, J., Henshaw, J., Temple, J.